UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 08 2005
CLERK

| | | |
|---|---|---|
| RAMON FLORES-VENTURA, Movant, -vs- UNITED STATES OF AMERICA, Respondent. | * | CIV 05-4132 CR 02-40072 MEMORANDUM OPINION AND ORDER |

Movant, Ramon Flores-Ventura, filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255. The Motion and the files and records in this case and in the criminal case, *United States v. Flores-Ventura*, CR 02-40072 (D.S.D.), conclusively show that Movant is entitled to no relief and the Motion will be denied without requiring the government to respond to the Motion.

## BACKGROUND

Movant pled guilty to the Indictment charging him with illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). He was sentenced on January 21, 2003, to serve 66 months' imprisonment and two years' supervised release. *United States v. Flores-Ventura*, CR 02-40072 (D.S.D.) (Judgment, Doc. 24). He did not file a direct appeal from that conviction or sentence. The present § 2255 Motion was filed on August 22, 2005.

Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005), Movant contends that his sentence violates his Sixth Amendment rights by enhancing his sentence by two criminal history categories and four offense levels. He claims that the maximum guideline range applicable to his offense was 27-33 months' imprisonment.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. Congress established a one-year period of limitations for motions to vacate, set aside, or correct sentences. *See* 28 U.S.C. § 2255. The limitation period runs from the latest of –

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

*Id.* Movant's judgment of conviction became final in 2003 and he has not claimed an impediment to filing his motion by unlawful governmental action. The facts supporting his claim were known to him at the time of the sentencing hearing in 2003. Thus, the only subsection that could possibly apply to render the present Motion timely is subsection two, relating to newly recognized rights by the Supreme Court. The Supreme Court, however, has not made *Booker* retroactively applicable to cases on collateral review. The Eighth Circuit Court of Appeals' held in *Never Misses a Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005), that *Booker* "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Thus, Movant is not entitled to relief under *Booker* and his claims in the present Motion are barred by the one-year period of limitations in § 2255.

Moreover, the Eighth Circuit held in *United States v. Moss*, 252 F.3d 993, 997 (8th Cir. 2001) that an *Apprendi* claim cannot be raised on collateral review. Thus, even if the Motion was timely, Movant would not be allowed to raise his *Apprendi* claim in these proceedings.

In light of the above discussion, the Court finds that Movant is not entitled to an evidentiary hearing. *See United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989) (holding that an evidentiary hearing is not required "where the files and records of the case conclusively show that the petitioner is not entitled to relief, ... or where the allegations 'amount to no more than a bare contradiction of statements petitioner made when [he] pled guilty.'"); *Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (affirming the district court's refusal to hold a hearing on § 2255 petitioner's ineffective assistance of counsel claim where he failed to allege the kind of prejudice necessary to satisfy the second half of the *Strickland v. Washington* test).

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Flores-Ventura has not made a substantial showing of the denial of a constitutional right. Accordingly,

IT IS ORDERED:

1. That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 1, is denied.

2. That a Certificate of Appealability shall not issue on any of the issues raised in the § 2255 motion.

Dated this 8th day of September, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: ______________________
(SEAL) DEPUTY